■ COUNTY OF ERIE, Appellant-Respondent, v ST. MATTHEW's UNITED CHURCH OF CHRIST, Respondent-Appellant.—Judgment unanimously modified, on the law and facts, and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff appeals from a judgment of condemnation that awarded $62,747.49 to defendant for a taking of approximately one acre of cemetery land for use as a sewer easement. The trial court erred in using the income method of valuation based on a capitalization rate of 12%. By refusing to reduce the economic life of the cemetery, despite the actual reduction of its inventory of gravesites as a result of the taking, the court disregarded the holding in *Diocese of Buffalo v State of New York* (24 NY2d 320). This holding mandates that a before and after valuation be based on the premise that since the sales of gravesites will continue at the same rate, "the condemnation taking will merely decrease the period of time during which the supply will be available" *(Diocese of Buffalo v State of New York, supra,* p 324). Thus, the trial court erred

in basing its after valuation on the same period (58 years) it used in making its before valuation (*cf. St. Agnes Cemetery v State of New York,* 3 NY2d 37). Had the court properly applied the income method, the total damages sustained by defendant would have been $4,924.

Where the income method "manifestly produces an unrealistic valuation when applied to claimant's land because the damages computed under this method are considerably less than the cost of reproducing or replacing the property", the court should apply the replacement cost method (*St. James R. C. Church Socy. v State of New York,* 50 AD2d 193, 198-199, *affd* 40 NY2d 974). Since the only evidence presented estimated the replacement cost of the approximately one acre of cemetery land at $13,770, almost three times greater than the damages when properly computed under the income method, the trial court should have adopted the replacement cost method of valuation. We find the replacement cost established by plaintiff's expert is reasonable and supported by the evidence. Accordingly, the judgment is modified by reducing plaintiff's award to the sum of $32,517.49 plus interest, costs and disbursements. (Appeals from judgment of Supreme Court, Erie County, Cook, J.—condemnation.) Present—Dillon, P. J., Doerr, Boomer, Green and Pine, JJ.